IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PIVOTAL HOME SOLUTIONS, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No: 21 CV 04978<br>)<br>)<br>)<br>)<br>) |

**CONSENT DECREE**

THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint commencing this action under Title I of the Americans with Disabilities Act of 1990 ("ADA") against Defendant Pivotal Home Solutions, LLC ("Pivotal") alleging that Pivotal violated the Americans with Disability Act (as amended), 42 U.S.C. § 12112(a) and (b), when it terminated Marcqueisha White ("White") by requesting that the staffing agency who placed her at Pivotal end her assignment because of her disability, as defined by 42 U.S.C. 12102(1). Defendant filed an Answer denying that it violated the ADA in any respect.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendant have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, employees, successors, and assigns.

1

FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    (a) This Court has jurisdiction over the subject matter of this action and the parties;

    (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    (c) The rights of the parties and the public are adequately protected by this Decree;

    (d) This Decree conforms to the Federal Rules of Civil Procedure, the ADA, and is not in derogation of the rights or privileges of any person; and

    (e) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

INJUNCTION AGAINST DISCRIMINATION

5. Defendant, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with them are hereby enjoined from taking any adverse employment action against any qualified employee with a disability because of their disability, as defined by 42 U.S.C. 12102(1) to include discrimination on the basis of actual disability, a record of a disability, or being regarded as having a disability.

6. As used for all purposes in this decree, "employee" includes any individual performing work at Pivotal through an Employment Agency, as defined by 42 U.S.C. § 12111(7), which incorporates 42 U.S.C. § 2000e(c).

7. As used for all purposes in this decree, "adverse employment action" includes ending the assignment of an employee who works at Pivotal through an Employment Agency by requesting that the Employment Agency end the employee's assignment.

INJUNCTION AGAINST RETALIATION

8. Defendant, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with them are hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA: filed a Charge of Discrimination under the ADA; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA; or asserted any rights under this Decree.

MONETARY RELIEF

9. Within the later of twenty-one (21) calendar days of the approval of this Decree by the District Court or within twenty-one (21) calendar days after Defendant's receipt from White of a fully executed Release attached as **Exhibit A**, Defendant shall pay White the gross sum of $175,000. Of the gross sum, $34,720 shall be designated back wages and $140,280 shall be designated as compensatory damages. Defendant will deduct White's share of payroll taxes from the amount designated as back wages and will issue an IRS Form W-2 to White reflecting this payment. The Defendant will pay the employer's share of payroll taxes.

10. Defendant shall send White payment by check via Certified or Registered Mail or by electronic deposit. Contemporaneously, Defendant shall submit a copy of the check(s) to EEOC or a receipt or other record showing the electronic deposit.

DISABILITY DISCRIMINATION POLICIES

11. Within thirty (30) days of the date of the entry of this Decree, Pivotal shall adopt or affirm, and maintain throughout the Term of this Decree, policies related to disability discrimination. Such policies shall, at minimum:

    a.    Specifically prohibit each form of employment discrimination that is

unlawful under the ADA;

  b. Update document retention policies to require Pivotal to maintain copies of any disciplinary documents that it provides to an Employment Agency;

  c. State that all updated policies also apply to employees working at Pivotal through Employment Agencies.

12. Nothing in this Decree represents an endorsement by the EEOC or by the Court that either Defendant or any of its policies has been or is in compliance with federal anti-discrimination laws.

## TRAINING

13. No later than one-hundred twenty (120) calendar days after entry of this Decree, all of Pivotal's employees, including Pivotal's human resources employees and any manager with any responsibility for supervising employees (including temporary employees), shall participate in a training session regarding the laws pertaining to employment discrimination, including obligations of employers under the ADA. This training may be conducted via an in-person or online/virtual format. Pivotal shall repeat this training at least once every twelve (12) months for the duration of the Decree, within one-hundred twenty (120) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this paragraph.

14. Pivotal shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 13 above. The trainer shall not be an owner, officer, or employee of Defendant. Pivotal shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed,

distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer(s) and/or content the trainer proposes to present. In the event the EEOC does not approve Defendant's proposed trainer, training proposal, and/or training materials, Defendant shall have five (5) business days to identify an alternate trainer and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer, proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph, below.

15. No later than five (5) business days after each training session described in Paragraph 11, above, takes place, Pivotal shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and employer(s) of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## POSTING AND DISTRIBUTION OF NOTICE

16. No later than ten (10) business days after entry of this Decree, Defendant shall post copies of the Notice attached as **Exhibit B** to this Decree in conspicuous locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal

notices concerning employee rights at Pivotal. The Notices shall remain posted in this manner for the term of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Defendant shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

17.     No later than fifteen (15) business days after entry of this Decree, Defendant shall certify to EEOC in writing that the Notices have been properly posted and distributed in accordance with Paragraph.

## RECORD KEEPING

18.     During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of disability discrimination where the complaint alleges that Defendant took an adverse employment action against an employee because of disability at its worksite.

19.     For each such complaint or report of disability discrimination, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## REPORTING

20. Defendant shall furnish to the EEOC written reports semi-annually ("Semi-Annual Report") during the term of this Decree. Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 19, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of disability discrimination were received during that period; and

(b) a certification by Defendant that the Notices required to be posted pursuant to Paragraph 16 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

21. The submissions and reports described in Paragraph 20 will cover the time periods and follow the submission schedule provided in the following table:

|  | **Time period Covered by Report** | **Date Report to be Submitted to EEOC** |
| --- | --- | --- |
| Report 1 | Effective Date plus 180 days | Effective Date plus 225 days |
| Report 2 | 181-360 days after the Effective Date | Effective Date plus 405 days |
| Report 3 | 361-540 days after the Effective Date | Effective Date plus 585 days |
| Report 4 | 541-720 days after the Effective Date | Effective Date plus 765 days |
| Report 5 | 721-900 days after the Effective Date | Effective Date plus 945 days |
| Report 6 | 901-1080 days after the Effective Date | Effective Date plus 1125 days |

## DISPUTE RESOLUTION

22. If EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant ten (10) business days to remedy the noncompliance or satisfy EEOC that Defendant had complied. If within ten (10) business days Defendant have

7

not remedied the alleged noncompliance or satisfied EEOC that they have complied, EEOC may apply directly to the Court for relief. In resolving any dispute under this Paragraph, if the Court finds noncompliance by a preponderance of the evidence, the Court may grant any relief it determines to be appropriate, which may include modification of the Term or any other provision of this Decree, monetary sanctions, and/or any appropriate relief available to a court of equity.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

23.     This Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

24.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

25.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any Defendant' assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

26.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management

employee of Defendant to the best of such officer or management employee's knowledge, information, and belief.

27. Defendant shall require personnel within their employ, upon written request by the EEOC to Laura Wiskari, Corporate Counsel (Laura.Wiskari@amwater.com), to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

28. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to Jonathan.Delozano@eeoc.gov and Carrie.Vance@eeoc.gov. In addition, Defendant may also send reports by U.S. Mail to Pivotal Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604.

SO ORDERED, ADJUDGED, and DECREED on this 12th day of October 2022.

By the Court:

_____
Judge John J. Tharp, Jr.
United States District Judge

Agreed to in form and content:

| | |
|---|---|
| **For Plaintiff the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **For Defendant PIVOTAL HOME SOLUTIONS** |
| | *Colleen A. Garrity* (DocuSigned) |
| GWENDOLYN YOUNG REAMS<br>Acting General Counsel | COLLEEN A. GARRITY<br>General Counsel |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| s/ Gregory Gochanour<br>Gregory Gochanour<br>Regional Attorney | |
| s/ Deborah Hamilton<br>Deborah Hamilton<br>Supervisory Trial Attorney | |
| s/ Jonathan Delozano<br>Jonathan Delozano<br>Trial Attorney | |
| s/Carrie Vance<br>Carrie Vance<br>Trial Attorney | |
| U.S. Equal Employment Opportunity Commission<br>Chicago District Office<br>230 S. Dearborn St., Suite 2920<br>Chicago, IL 60604 | |

**EXHIBIT A**

**RELEASE AGREEMENT**

In consideration of $175,000 to be paid to me by Defendant in connection with the resolution of *EEOC v. Pivotal Home Solutions LLC*, No. (N.D. Ill.), I waive, discharge and release any claims of disability discrimination or failure to accommodate any disability arising under the Americans with Disabilities Act that I had against Defendant on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Pivotal Home Solutions LLC* No. (N.D. Ill.)

Signed: _____   Date: _____
          Marqueisha White

**EXHIBIT B**

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Pivotal Home Solutions*, resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Pivotal Home Solutions

In this lawsuit, the EEOC filed a Complaint that alleged that Defendant violated the Americans with Disabilities Act by subjecting an contract worker to discrimination on the basis of her disability. Defendant filed an Answer denying the allegations.

To resolve this case, EEOC, the employee, and Defendant have entered into a Consent Decree requiring, among other things, that:

1. Defendant will pay the alleged affected individual a monetary payment.

2. Defendant is enjoined from subjecting employees to disability discrimination accommodation; and

3. Defendant will adopt and distribute a policy related to disability discrimination and provide training to its employees on the policy and the requirements of the ADA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for three (3) years from the date below and must be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to EEOC-Legal Unit, 230 S. Dearborn, Suite 2980, Chicago IL 60604.

Date: October 12, 2022

John J. Tharp, Jr.
United States District Judge